**John SCOBY, Victor Murray, Craig Lillard, Sam Walker, Paul Popadines, Curt Teeters and James Render, Plaintiffs–Appellants,**

**v.**

**Michael D. NEAL, individually and in his official capacity as Warden of the Danville Correctional Center; Dennis Davis, Captain, and Roger White, Lieutenant, both individually and in their official capacities at the Danville Correctional Center, Defendants–Appellees.**

No. 92–1964.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 5, 1992 *.

Decided Dec. 8, 1992.

---

* Submitted on the briefs and the record. The Court decided that oral argument was unnecessary.

Walter S. Clifton, Jr., Urbana, IL and Burnell Dixon, Chicago, IL, for plaintiffs-appellants.

Daniel N. Malato, Asst. Atty. Gen., Office of the Atty. Gen., Civ. Appeals Div., Chicago, IL, for defendants-appellees.

Before CUMMINGS, FLAUM and EASTERBROOK, Circuit Judges.

PER CURIAM.

This is the second time this case has been before us. In April 1987, five correctional officers at the Danville Correctional Center in Danville, Illinois, filed a complaint alleging that their Fourth and Fourteenth Amendment constitutional rights were violated when they were strip-searched by three supervisory officers.[1] Defendant Neal, Warden of the Danville Correctional Center, authorized the strip-searches allegedly without probable cause or reasonable suspicion. Plaintiffs sought a declaratory judgment that defendants' conduct violated those amendments by subjecting them to unreasonable searches and seizures and by depriving them of liberty without due process. They also sought compensatory and punitive damages and subsequently amended their complaint to include a request for injunctive relief.

In October 1988, the district judge granted defendants summary judgment as to damages based on the doctrine of qualified immunity. Therefore partial summary judgment was entered in defendants' favor as to liability for monetary damages.

In March 1990, the district court issued another order purportedly granting injunctive and declaratory relief to the plaintiffs. 734 F.Supp. 837. The court noted that the Department of Corrections Employee Rules and Responsibilities stated in Rule Nine that strip-searches of its employees may be authorized by the warden or his designee. Nothing in the rule itself required reasonable suspicion or probable cause, but an institutional directive authorized body searches (as distinguished from strip-searches) if the administration had "reasonable grounds to believe that the person has contraband on his person." The court viewed the directive as applicable only to the more limited body searches rather than strip-searches and after analyzing the relevant case law concluded that Rule Nine was facially unconstitutional as to strip-searches because it did not require either probable cause or reasonable suspicion.

---

1. The second amended complaint included correctional officers Teeters and Render as plaintiffs. Although it has not been included in the record on appeal, the third amended complaint apparently removed supervisory correctional officer Herox as a defendant, leaving Davis and White as the remaining defendant correctional officers.

The order therefore granted plaintiffs' motion for summary judgment and enjoined defendants from conducting strip-searches of correctional officers under the authority of Rule Nine and the body search directive. The order also expressly declared that Rule Nine and the directive, as applied to strip-searches, were unconstitutional. At the end of the order, the Clerk was directed "to enter judgment accordingly." However, the judgment itself merely stated "judgment is entered in favor of the plaintiffs and against the defendants."

The defendants appealed from the March 1990 summary judgment and the plaintiffs cross-appealed as to the October 1988 partial summary judgment denying them damages in view of defendants' qualified immunity.

In September 1991, we issued an order explaining that we had no jurisdiction to consider the validity of the district court's order awarding plaintiffs declaratory and injunctive relief because it was not recorded on a separate judgment. 945 F.2d 407. Consequently we remanded the cause for the entry of a proper judgment and the filing of a new notice of appeal. We requested the district court to consider on the remand whether the case became moot as to declaratory injunctive relief because the amended Administrative Directive 05.01.-109E(2), effective September 1, 1991, showed that there was no longer any reasonable likelihood that strip-searches would be authorized in an unconstitutional manner.

On March 30, 1992, on remand Judge Baker issued an order holding that the prior injunctive relief had become moot in view of the new Administrative Directive which plaintiffs agreed rendered that issue moot. Therefore, the only issue left for us on appeal is whether in October 1988 the district court properly granted defendants' motion for summary judgment as to liability for damages based on the doctrine of qualified immunity. The district court held that under *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523, even assuming that there was no probable cause for the searches, plaintiffs had failed to show the legal unreasonableness of the defendants' actions in light of the legal rules that were clearly established at the time. The district court concluded that there was no clearly established right of correction officers "to be free from warrantless body cavity searches as of March 30, 1987" when these incidents occurred, thus sustaining defendants' motion for summary judgment on the ground that defendants were entitled to qualified immunity and therefore immune from monetary damages. On the remand, Judge Baker came to the same conclusion.

While this Court had not decided the appropriate law to apply to damage suits based on unconstitutional strip-searching of correctional officers as of the critical date here, March 30, 1987, *Adrow v. Johnson*, 623 F.Supp. 1085 (N.D.Ill.1985) (Hart, J.), upheld qualified immunity as of October 1984, while *Kennedy v. Hardiman*, 684 F.Supp. 540 (N.D.Ill.1988) (Duff, J.), reached a contrary conclusion for February 1986. However, *Ohio Civil Service Employees Association v. Seiter*, 858 F.2d 1171 (6th Cir.1988),[2] held that as of 1985 there was no clearly established right for correctional officers to be free from strip-searches. The Second Circuit also so held as to 1984. *Security & Law Enforcement Employees v. Carey*, 737 F.2d 187, 211.

2. As pointed out in *Seiter* (at 1176), *McDonell v. Hunter*, 809 F.2d 1302 (8th Cir.1987), is not to the contrary because it concerned an injunction and did not discuss qualified immunity. In *Mary Beth G. v. City of Chicago*, 723 F.2d 1263 (1983), we struck down a 1952–1980 municipal policy requiring strip-searches of all women arrested and detained in the City lockups and upheld monetary damages. No comparable policy is involved here where the strip-searches were only of correctional officers in an effort to suppress narcotics being smuggled into prisons.

In *Doe v. Renfrow*, 631 F.2d 91 (1980), we permitted damages for the "outrageous" nude search of a thirteen-year-old high school student without a showing of probable cause. In *Salinas v. Breier*, 695 F.2d 1073 (1982), we disallowed damages to a mother and her four children because their body searches were based on probable cause. As Judge Baker observed, these three cases of ours "are distinguishable and do not aid the plaintiffs' case."

Therefore both Circuits upheld qualified immunity. We agree with the reasoning of those Circuits with respect to qualified immunity [3] and consequently affirm the October 26, 1988, order of Judge Baker granting defendants qualified immunity.

**3.** There is no need to address their discussions of the merits.